USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10 | 19 | 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALEX GOMEZ,                          :
                                     :
                      Petitioner,    :       **MEMORANDUM OPINION**
                                     :       **AND ORDER**
         - against -                 :
                                     :       **09 Civ. 7723 (RMB)(RLE)**
ROBERT ERCOLE,                       :
                                     :
                      Respondent.    :

**RONALD L. ELLIS, United States Magistrate Judge:**

Petitioner Alex Gomez ("Gomez") moves for a stay and abeyance of the instant

proceedings to allow him to return to state court to exhaust the ineffective assistance of counsel

claims he raises in his petition for a writ of *habeas corpus,* and to file a writ of error *coram nobis*

to review appellate counsel's performance. Gomez's motion is **DENIED**.

On December 10, 2004, Gomez was convicted of attempted murder in the second degree

(Penal Law §§ 110/125.25[1]) and criminal possession of a weapon in the second degree (Penal

Law § 265.03[2]). Gomez filed a timely direct appeal, raising an ineffective assistance of

counsel claim and a claim that the trial court wrongfully excluded relevant evidence. On June 24,

2008, the Appellate Division, First Department, unanimously affirmed Gomez's judgment of

conviction, and also determined that his ineffective assistance of counsel claim was

unreviewable because it involved matters outside the record. *People v. Gomez*, 52 A.D.3d 395

(1st Dept. 2008). On August 25, 2008, Gomez's leave to appeal to the Court of Appeals was

denied. *People v. Gomez*, 11 N.Y. 3d 736. His habeas corpus petition was received by the *Pro Se*

Office in this District on August 17, 2009. Gomez contends that he did not understand that he

needed to exhaust his ineffective assistance of counsel claim because his appellate attorney had

raised it on direct appeal and the Appellate Division appeared to address the merits of the claim

in its opinion. (Petitioner's June 21, 2010 Letter, at 2.) Gomez now seeks leave to expand the
record of his ineffective assistance of counsel claim pursuant to N.Y.C.P.L. § 440.10, and to
submit an application for writ of error *coram nobis* because his appellate counsel erroneously
raised his ineffective assistance of counsel claim on direct appeal and also improperly abandoned
his exclusion of evidence claim in the Court of Appeals. (Petitioner's June 25, 2010 Letter, at 2.)

Orders for stay and abeyance are available only in limited circumstances when a court
"determines that there was good cause for the petitioner's failure to exhaust his claims first in
state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A petitioner's showing of reasonable
confusion concerning his delay in exhausting his state court remedies satisfies the good cause
requirement. *Whitley v. Ercole*, 509 F. Supp. 2d 410, 419-20 (S.D.N.Y. 20007); *see also Pace v.
DiGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion . . . will ordinarily
constitute 'good cause' to explain a failure to exhaust prior to the filing of a habeas petition")
(dictum). Even if a petitioner demonstrates good cause, a court "would abuse its discretion if it
were to grant him a stay when his unexhausted claims were plainly meritless." *Rhines*, 544 U.S.
at 277.

Here, Gomez has demonstrated possible good cause for his failure to exhaust his
ineffective assistance of counsel claims. His confusion about whether he needed to exhaust his
ineffective assistance of counsel claim appears reasonable. Although the Appellate Division
stated that Gomez's claim was unreviewable on direct appeal, the vast majority of its opinion
addressed the merits of Gomez's ineffectiveness claim. *People v. Gomez*, 52 A.D.3d 395 (1st
Dept. 2008). Given the extent of the opinion's discussion concerning the ineffective assistance of
counsel claim, Gomez's confusion about whether the claim was raised and adequately exhausted
was reasonable. The Court therefore finds sufficient good cause for Gomez's failure to exhaust

2

his state court remedies.

Gomez has not demonstrated, however, that his ineffective assistance of counsel claim has sufficient merit to justify a stay and abeyance. Gomez's claim is that his defense counsel was ineffective because he opened the door during his summation argument to the introduction of previously precluded evidence of two arrests of Gomez. The Appellate Division's reviewed the existing record, and, to the extent it permitted review, determined that defense counsel's summation argument was a reasonably calculated risk that backfired, and that Gomez "received effective assistance under state and federal standards." *Gomez*, 52 A.D.3d at 395. Accordingly, Gomez's request for a stay and abeyance to exhaust his ineffective assistance of counsel claim is **DENIED.** Gomez has until **November 2, 2010,** to submit a reply to Respondent's Answer.

**SO ORDERED this 19th day of October 2010**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Order were sent to:

*Pro se* Petitioner:
Alex Gomez
04-A-6720
Green Haven C.F.
P.O. Box 4000
Stormville, NY 12582-4000

Attorney for Respondent:
Maureen L. Grosdidier
Assistant District Attorney
198 East 161st Street
Bronx, NY 10451