UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEX GOMEZ,                                          :
                                                     :
                              Petitioner,    :    09 Civ. 7723 (RMB) (RLE)
                                                     :
                -against-                           :    **DECISION & ORDER**
                                                     :
ROBERT ERCOLE, Superintendent of                     :
Green Haven Correctional Facility,                   :
                                                     :
                              Respondent.    :
------------------------------------------------------X

**I.     Background**

        On or about September 8, 2009, Alex Gomez ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition") against Robert Ercole, Superintendent of Green Haven Correctional Facility ("Respondent"), challenging Petitioner's 2004 conviction, following a jury trial, in New York State Supreme Court, Bronx County (Bamberger, J.), of Attempted Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree, in violation of N.Y. Penal Law §§ 110/125.21(1) and 265.03(2).  (See Pet., dated Aug. 12, 2009, at 3; Tr. of State Ct. Proceedings, dated Oct. 18, 2004 ("Trial Tr."), at 749–50.)  Petitioner alleges that his trial counsel, Howard H. Weiswasser, Esq. ("Weiswasser"), provided ineffective assistance of counsel in violation of Petitioner's Sixth Amendment rights because Weiswasser, during his summation, "open[ed] the door to [the] admission of [Petitioner's] previously precluded [prior drug possession]."  (Pet. at 7.)

        On December 10, 2004, Petitioner was sentenced to determinate, concurrent terms of twenty-two and fifteen years of imprisonment.  (See Pet. at 1.)  On June 24, 2008, Petitioner's conviction was affirmed by the New York State Appellate Division, First Department.  See People v. Gomez, 52 A.D.3d 395 (N.Y. App. Div. 2008).  The Appellate Division found that

Weiswasser was not ineffective because he "took a reasonable calculated risk that the court would not perceive his summation argument . . . as sufficient to permit the People to introduce the precluded evidence, particularly at that late stage of the trial." Id. at 395. On August 25, 2008, the New York Court of Appeals denied Petitioner's application for leave to appeal. See People v. Gomez, 11 N.Y.3d 736 (2008).

On June 2, 2010, Respondent filed an opposition to the Petition ("Opposition"), arguing that the Petition should be denied because (1) "[P]etitioner failed to exhaust his claim in state court," and (2) "[Weiswasser's] strategy, although perhaps unsuccessful, did not render his performance ineffective." (Opp'n, dated May 26, 2010, at 6, 8.)

On June 23, 2010, Petitioner submitted a letter to the Court requesting a stay of these proceedings so that he could "submit his unpreserved ineffective assistance of counsel claim in the State court of first instance pursuant to [N.Y. Criminal Procedure Law] § 440.10." (Petr.'s Ltr. Application, dated June 21, 2010, at 3; see also Petr.'s Ltr., dated June 25, 2010, at 2.)[1] On October 19, 2010, United States Magistrate Judge Ronald L. Ellis, to whom this matter had been referred, issued a Report and Recommendation ("First Report"), recommending that the Court deny Petitioner's motion to stay the proceedings because Petitioner failed to show "that his ineffective assistance of counsel claim ha[d] sufficient merit to justify a stay." (See First Report, dated Oct. 19, 2010, at 3.) By Order, dated December 21, 2010, the Court adopted the First Report, finding that the First Report was "neither clearly erroneous nor contrary to law." (See Order, dated Dec. 21, 2010.)

---

[1] Petitioner also indicated that he would submit an application for a writ of error coram nobis to obtain review of the effectiveness of his appellate counsel. (Petr.'s Ltr. Application at 2.)

On November 3, 2010, Petitioner submitted a reply to the Opposition ("Reply"), arguing, among other things, that he was "deprived of his Sixth and Fourteenth Amendment rights . . . [because trial] counsel obviously neglected [to] weigh the value of his strategy for summation, and assess any potential negative consequences that could possibly occur, and prejudice [Petitioner]."  (Reply, dated Oct. 29, 2010, at 2.)

On August 5, 2011, Judge Ellis issued a second Report and Recommendation ("Second Report"), recommending that (1) the Petition "may be decided on its merits," even though Petitioner failed to exhaust his state remedies, and (2) "a reasonable jury could have found [Petitioner] guilty of attempted murder in the second degree and criminal possession of a weapon in the second degree," even if Petitioner's prior drug possession had not, as a result of Weiswasser's summation, been disclosed to the jury.  (Second Report, dated August 5, 2011, at 9, 14.)  The Second Report directed that the Parties had "ten (10) days after being served with a copy of the recommended disposition to file written objections."  (Second Report at 14.)

On August 24, 2011, Petitioner submitted objections ("Objections") to the Second Report, arguing, among other things, that Weiswasser's summation was "severely prejudic[ial]" because "the jury had not been exposed to [information about Petitioner's drug possession] prior to counsel's summation" and such information made the victim of the attempted murder appear more credible as a witness.  (Petr.'s Aff. in Obj. to Second Report, dated Aug. 22, 2011, at 3.)  Petitioner's Objections did not address his failure to exhaust state remedies.

**For the reasons set forth below, the Court adopts the Second Report in its entirety.**

## II.     Standard of Review

"[A] district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Young v. United States, No. 07 Civ. 10411,

3

2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010) (internal quotation marks omitted); see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court must "make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see Accolla v. United States, No. 08 Civ. 3223, 2011 WL 1118696, at *1 (S.D.N.Y. Mar. 24, 2011).

Where a plaintiff is proceeding pro se, the court construes the plaintiff's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "interpret[s] them to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

"[A]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in [state courts]." 28 U.S.C. § 2254 (b)(2). "[W]here there is overwhelming evidence of guilt, even serious errors by counsel will not warrant granting a writ of habeas corpus." Gersten v. Senkowski, 426 F.3d 588, 611 (2d Cir. 2005).

**III.   Analysis**

The facts and procedural history as set forth in the Second Report are incorporated herein by reference unless otherwise noted.

The Court has conducted a de novo review of the Petition, the Opposition, the Second Report, the Objections, and applicable legal authorities, and concludes that Judge Ellis correctly determined that "[Petitioner] fails to show a reasonable probability that but for the [drug] possession charges stipulated by the parties, the jury would have considered the [trial] evidence and found him not guilty." (Second Report at 14); see Strickland v. Washington, 466 U.S. 668, 694–95 (1984) ("When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt

4

respecting guilt."). Neither the Petition nor the Objections provides any basis for departing from the Second Report's recommendation that the Petition be dismissed.[2]

Preliminarily, Petitioner has not exhausted his claim of ineffective assistance of trial counsel in state court. While a writ of habeas corpus may not be granted unless the applicant has exhausted the remedies available in state courts, 28 U.S.C. § 2254(b)(1)(A), an application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in [state courts]." 28 U.S.C. § 2254(b)(2); see also Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010); Acosta v. Artuz, 575 F.3d 177 (2d Cir. 2009); Pratt v. Grenier, 306 F.3d 1190, 1196–97 (2d. Cir. 2002).

Petitioner's claim fails on the merits. The Appellate Division's determination that Petitioner "ha[d] not established that [Weiswasser's] action were unreasonable, or that, even if unreasonable, they caused [Petitioner] any prejudice or deprived him of a fair trial," 52 A.D.3d 395, was not contrary to nor did it involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, Williams v. Taylor, 529 U.S. 362, 367 (2000); see 28 U.S.C. § 2254(d)(1)); Bierenbaum v. Graham, 607 F.3d 36, 54 (2d Cir. 2010); United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005); Eze v. Senkowski, 321 F.3d 110, 120 (2d Cir. 2003).

As Judge Ellis concluded, in determining there was no prejudice, the People's case against Petitioner was strong. (See Second Report at 13–14.) The evidence included, among other things, eye-witness identification of Petitioner and an account of Petitioner's attempt to

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Any Objections not specifically addressed in this Order have been considered de novo and rejected.

bribe the eye-witness to testify on Petitioner's behalf.  (See Second Report at 4.)  And, the People convincingly challenged the testimony and credibility of Petitioner's two alibi witnesses during cross-examination.  (See Second Report at 14.)

Petitioner also has not established that Weiswasser's performance was unreasonable "under prevailing professional norms."  (Second Report at 11 (citing Strickland, 466 U.S. at 687).)  Judge Ellis concluded that "it is not unreasonable to credit counsel's argument that the statement" made at summation was sound trial strategy.  (Second Report at 12.)  Although this Court agrees with Judge Ellis that "the Court . . . need not reach the question of whether [Weiswasser's performance] constitutes ineffective assistance because [Petitioner] cannot show prejudice" (Second Report at 11–13 (citing Strickland, 466 U.S. at 697)), the Court also believes that a strong case can be made that Weiswasser's statement during summation constituted a "reasonable calculated risk," 52 A.D.3d at 395.  See Bierenbaum, 607 F.3d at 51; Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006); Cohen, 427 F.3d at 167; United States v. Best, 219 F.3d 192, 201–202 (2d Cir. 2000).

## IV.   Certificate of Appealability

A certificate of appealability may not be issued unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has not made such a showing and a certificate of appealability is neither warranted nor appropriate in this case.  See Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).  Any appeal from this order would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

## V.  Conclusion and Order

For the reasons stated herein and therein, Judge Ellis's Second Report is adopted, and the Petition [#1] is denied. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
October 12, 2011

_____
**RICHARD M. BERMAN, U.S.D.J.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/11